UNITED STATES DISTRICT COURT
MIDDLE DISTRIC OF FLORIDA
OCALA DIVISION

TABBATHA JUANEZ,

    Plaintiff,

Case No.: 5:16-cv-00669-JSM-PRL

v.

DOLLAR TREE STORES, INC.,

    Defendant.
_____/

## PLAINTIFF'S EXPERT WITNESS DISCLOSURE

COMES NOW Plaintiff, **TABBATHA JUANEZ**, by and through the undersigned counsel and pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and this Court's Scheduling Order, hereby submit Plaintiff's Expert Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(2) as follows:

1. **Dr. Brian McGraw, D.O.**
   Florida Surgery Consultants
   35111 US 19 North Suite 301
   Palm Harbor, FL 34684

Although Dr. McGraw is not a formally retained expert, Plaintiff has listed Dr. McGraw in an abundance of caution. Dr. McGraw is Plaintiff's treating physician and is expected to testify within his field of specialty as to his care and treatment of the Plaintiff for the injuries she incurred as a result of her accident, specifically including the surgery and other related medical procedures he or his office staff performed as well as his review of any diagnostic films or other records he reviewed during his treatment of Plaintiff. He is also anticipated to testify regarding the costs associated with those treatments, Plaintiff's need for further treatment, if any, the cost of any

anticipated future treatment, the causation of Plaintiff's injuries, as well as his diagnosis, prognosis, reasonableness of medical bills, and any restrictions.

In line with the enclosed reports from Dr. McGraw's office, he is anticipated to testify that based on his review of the Plaintiff's medical records, films, medical history, physical examination, treatment notes, and visits, within a reasonable degree of medical probability, Plaintiff sustained an injury to her left knee and lumbar spine as a result of her slip and fall at Dollar Tree. Dr. McGraw is also anticipated to testify, within a reasonable degree of medical certainty, the need for future treatment and the associated cost of such treatment.

In support of his testimony, Dr. McGraw may rely on the Plaintiff's medical records, films and other related documents. It is anticipated that Dr. McGraw will base his testimony on his experience and training. Dr. McGraw's *Curriculum Vitae* will be provided upon request. **Please see the attached medical records.** Additional records if any will be provided upon receipt. **Dr. McGraw's *Curriculum Vitae* is attached.**

2. **Dr. Larry Fishman**
   Florida Surgery Consultants
   35111 US 19 North Suite 301
   Palm Harbor, FL 34684

Although Dr. Fishman is not a formally retained expert, Plaintiff has listed Dr. Fishman in an abundance of caution. Dr. Fishman is Plaintiff's treating physician and is expected to testify within his field of specialty as to his care and treatment of the Plaintiff for the injuries she incurred as a result of her accident, specifically including the surgery and other related medical procedures he or his office staff performed as well as his review of any diagnostic films or other records he reviewed during his treatment of Plaintiff. He is also anticipated to testify regarding the costs associated with those treatments, Plaintiff's need for further treatment, if any, the cost of any

anticipated future treatment, the causation of Plaintiff's injuries, as well as his diagnosis, prognosis, reasonableness of medical bills, and any restrictions.

In line with the enclosed reports from Dr. Fishman's office, he is anticipated to testify that based on his review of the Plaintiff's medical records, films, medical history, physical examination, treatment notes, and visits, within a reasonable degree of medical probability, Plaintiff sustained an injury to her left knee and lumbar spine as a result of her slip and fall at Dollar Tree. Dr. Fishman is also anticipated to testify, within a reasonable degree of medical certainty, the need for future treatment and the associated cost of such treatment.

In support of his testimony, Dr. Fishman may rely on the Plaintiff's medical records, films and other related documents. It is anticipated that Dr. Fishman will base his testimony on his experience and training. **Dr. Fishman's *Curriculum Vitae* is attached**. Please see the attached medical records. Additional records if any will be provided upon receipt.

3. Plaintiff reserves the right to call any and all experts listed by any parties to this action upon reasonable notice to the parties.
4. Plaintiff reserves the right to object to any and all expert witnesses listed by any other parties to this action.
5. Plaintiff reserves the right to amend this disclosure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 31st day of May, 2017, to: Daniel A. Shapiro, Esq. and Elisabeth A. Fontugne, Esq., Cole, Scott & Kissane, PA, 4301 West Boy Scout Boulevard, Suite 400, Tampa, FL 33607, rhonda.beesing@csklegal.com, elisabeth.fontugne@csklegal.com, laura.campbell@csklegal.com.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff

189 South Orange Avenue, Suite 1150
Orlando, FL 32801
Tel: (407) 269-8560
Fax: (407) 392-0396
Email: Jessica@rubensteinlaw.com
mdavila@rubensteinlaw.com
eservice@rubensteinlaw.com

By: _/s/ *Jessica J. Gonzalez-Monge*
**JESSICA J. GONZALEZ-MONGE**
Florida Bar No.: 92412

- 4 -